UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEICO CASUALTY COMPANY,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 4:23CV957 HEA |
| ) | |
| MEGAN TAYLOR JOHONSON,    ) | |
| MARCUS J. ALBINO, and HAROLD    ) | |
| LEIGH JONES,    ) | |
| ) | |
| Defendants,    ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 23]. Defendant Jones responded to the motion advising the Court that he does not oppose the relief Plaintiff seeks. Defendants Johnson and Albino have not responded to the motion and are, in fact, in default. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

The following undisputed facts are as follow:

On October 13, 2022, Megan Johnson ("Johnson") was driving a 2009 Dodge Caliber, a passenger car, north on U.S. Highway 67 in St. Francois County, Missouri, when she was involved in an automobile accident with Harold Jones ("Jones"), who was driving south in a 2013 Chevrolet Equinox (the "Accident").

At the time of the Accident, Marcus Albino was the sole passenger in the Dodge Caliber driven by Johnson, and there were no passengers in the Chevrolet Equinox driven by Jones.

At the time of the Accident, Johnson was the sole owner of the Dodge Caliber involved in the Accident. At the time of the Accident, Johnson was the only person who held title to the Dodge Caliber involved in the Accident.

GEICO issued an automobile liability insurance policy to Named Insureds Brandi and Shane Hampton (the "Hamptons") with a policy number of 6007-17-25-85 and a policy period of June 16, 2022 through December 16, 2022 (the "Hampton Policy"). Brandi Hampton is Johnson's aunt.

In a letter dated December 14, 2022, Jones's attorney notified GEICO of her "representation [of Jones] for personal injuries" and stated she had been advised that GEICO "is the liability insurance carrier" for Johnson, citing the Hampton Policy.

Johnson is not a Named Insured listed in the Hampton Policy. The Dodge Caliber involved in the Accident is not a vehicle listed in the Hampton Policy. At the time of the Accident, Johnson did not reside with the Hamptons. At the time of the Accident, Johnson was not using the Dodge Caliber involved in the Accident as a replacement or substitute vehicle.

For liability coverage, the Hampton Policy states in part:

2

LOSSES WE WILL PAY FOR YOU
Subject to all provisions of Section I, including but not limited to "LIMIT OF LIABILITY," as well as the provisions of Section V and all applicable amendments and endorsements, we will do the following:
Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
1. Bodily injury, sustained by a person; or,
2. Damage to or destruction of property;
arising out of the ownership, maintenance, or use of the owned auto or a non-owned auto . We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

The Hampton Policy defines "insured" as follows:

Insured means a person or organization described under PERSONS INSURED.

For liability coverage, the Hampton Policy states in part:

PERSONS INSURED
Who Is Covered
Section I applies to the following as insureds with regard to an owned auto:
1. You and your relatives;
2. Any other person using the auto with your permission. The actual use must be within the scope of that permission;
3. Any other person or organization for his or its liability because of acts or omissions of an insured under 1. or 2. above.
Section I applies to the following with regard to a non-owned auto:
1. (a) You;
(b) Your relatives when using a private passenger auto, farm auto, utility auto, or trailer.
Such use by you or your relatives must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.
2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an insured under 1 above.
The limit of liability stated in the Declarations is our maximum obligation regardless of the number of insureds involved in the occurrence.

The Hampton Policy defines "you" and "your" as follows:

3

You and your means only the individuals(s) named in the Declarations Page as Named Insured and his or her spouse if a resident of the same household. You and your does not include any individual(s) named in the Declarations Page as:
(a) Additional Drivers;
(b) Additional Driver; or
(c) any other individual(s).

The Hampton Policy defines "relative" as follows:

Relative means a person related to you by blood, marriage or adoption who resides in your household.

The Hampton Policy defines "non-owned auto" in part as follows:

Non-owned auto means a private passenger auto, farm auto, utility auto or trailer not owned by or furnished for the regular use of either you or your relatives, other than a temporary substitute auto. You or your relative must be using the non-owned auto or trailer within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

The Hampton Policy defines "owned auto" as follows:

Owned auto means:
(a) A vehicle described in this policy for which a premium charge is shown for these coverages;
(b) A trailer owned by you;
(c) A private passenger auto, farm auto, or utility auto, ownership of which you acquire during the policy period or for which you enter into a lease during the policy period for a term of six months or more, if:
(i) It replaces an owned auto as defined in (a) above; or
(ii) We insure all private passenger autos, farm autos, and utility autos owned or leased by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later;
(d) A temporary substitute auto.

The Hampton Policy defines "temporary substitute auto" in part as follows:

4

>Temporary substitute auto means an automobile or trailer, not owned by you, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the owned auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.

The Hampton Policy defines "trailer" as follows:

>Trailer means a trailer designed to be towed by a private passenger auto, if not being used for business or commercial purposes with a vehicle other than a private passenger auto.

## Legal Standard

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Paulino v. Chartis Claims, Inc.*, 774 F.3d 1161, 1163 (8th Cir. 2014). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

To preclude the entry of summary judgment, the non-moving party must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The evidence is viewed "in the light most favorable to the nonmoving party," which includes drawing all reasonable inferences in that party's favor. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015) (quoting

*Johnson v. Wells Fargo Bank, N.A.*, 744 F.3d 539, 541 (8th Cir. 2014)). But "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. A fact is material if it might affect the outcome of the lawsuit. *Id.* "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009).

## Discussion

Initially, it should be noted that neither Defendant Marcus Albino nor Defendant Megan Johnson have responded to Plaintiff's Motion. The fact that they are in default does not prevent this Court from entering summary judgment against them. *Am. S. Ins. Co. v. Hayslett*, 2011 WL 3444219, at *2 (E.D. Mo. Aug. 8, 2011).

As clearly set out in the undisputed facts, Defendant Johnson is not an "insured" under the policy. Likewise, the Dodge Caliber which Johnson was driving was not an "owned auto" or a "non-owned auto" which would be covered under the policy. As such, the policy issued by Plaintiff to Brandi Hampton does not cover the accident at issue. Plaintiff has no duty to defend or indemnify Defendant Johnson for any claims asserted by Defendants Jones or Albino.

## Conclusion

Based upon the foregoing, the undisputed material facts establish there is no duty to defend or indemnify Defendant Johnson under the GEICO policy for any claims asserted by Defendant Jones.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, [Doc. No. 23], is **granted**.

A separate judgment is entered this same date.

Dated this 28th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE